**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FRANK ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1062-SDD-RLB** |
| **JEFF FOSTER TRUCKING, INC., ET AL.** | |

### ORDER

Before the Court is Plaintiff's Motion to Compel Discovery filed on July 8, 2026. (R. Doc. 13). The deadline to file an opposition has expired. *See* LR 7(f). Accordingly, the motion is unopposed.

### I.      Background

On November 26, 2025, Frank D. Robinson ("Plaintiff") commenced this action against Jeff Foster Trucking, Inc. and Mark Gilleland (collectively, "Defendants"), seeking relief for personal injuries sustained in a motor vehicle collision. (R. Doc. 1; *see* R. Doc. 9).

The Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on September 18, 2026. (R. Doc. 12).

On January 22, 2026, Plaintiff served Requests for Production of Documents on Defendants. (R. Doc. 13-4).

Plaintiff represents that, on March 10, 2026, Defendants sent him a proposed protective order governing the exchange of confidential information. (R. Doc. 13 at 1; *see* R. Doc. 13-5). Two weeks later, on March 24, 2026, Plaintiff objected to the entry of the proposed protective order, suggesting an alternative method for the parties to handle the exchange of confidential information. (R. Doc. 13-6).

On April 17, 2026, through exchanged emails, Defendants again sought entry of a protective order governing the exchange of confidential information and, in response, Plaintiff sought discovery responses and identification of documents that Defendants believed to be protected. (R. Doc. 13-8).

After various email exchanges, the parties ultimately held a discovery conference regarding the outstanding discovery responses and the proposed protective order on May 6, 2026. (R. Doc. 13-11). According to Plaintiff's May 12, 2026 letter summarizing the conference, Defendants were to provide discovery responses, indicate applicable objections, and then the parties would discuss those objections and seek court guidance if necessary. This communication further suggests that Plaintiff only agreed to extend the deadline to provide responses to the outstanding requests for production by the end of that week.

On July 8, 2026, Plaintiff filed the instant Motion to Compel, representing that Defendants have refused to provide any responses to the Requests for Production. Defendants did not file a response to the instant Motion to Compel explaining their failure to respond to the requests for production at issue. *See* LR 7(f).

## II.    Law and Analysis

Defendants had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 34(b)(2)(A). Defendants did not otherwise provide any written responses or objections by the extended deadline stipulated by Plaintiff. *See* Fed. R. Civ. P. 29(b). Defendants did not file a timely opposition to the instant Motion to Compel or otherwise explain their failure to respond to the requests for production. Accordingly, there is no dispute that Defendants failed to respond to the discovery requests at issue within the times allowed by the

Federal Rules of Civil Procedure or otherwise agreed upon by the parties. The Court will grant the Motion to Compel pursuant to Rule 37.

A party generally waives all objections, with the exception of those pertaining to any applicable privileges or immunities, where it fails to provide timely discovery responses. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Rule 34 provides that the grounds for objecting to a request for production must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B). Rule 34 further provides that, "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Here, Defendants did not submit written responses or objections to Plaintiff's discovery requests within 30 days after they were served or within the extension of time agreed upon by the parties. Accordingly, Defendants have waived all objections to the written discovery requests other than those based on any applicable privilege or immunity. The Court will, however, allow Defendants to object to discovery requests to the extent they prematurely seek information and disclosures (including any expert identities and opinions) prior to specific deadlines set forth in the Court's Scheduling Order.

In addition, given that Defendants sought the entry of an agreed protective order governing the exchange of confidential information, the Court will allow Defendants to withhold

the production of responsive documents and information on the basis of an assertion of

confidentiality. The Court will provide Defendants with **7 days** to seek entry of a protective

order, pursuant to Rule 26(c), governing the exchange of such information. In this filing,

Defendants must identify whether and to what extent Plaintiff opposes the motion for protective

order. *See* Fed. R Civ. P. 26(c)(1). Failure to seek entry of a protective order within the time

provided shall be deemed a waiver of assertions of confidentiality with respect to documents

exchanged in discovery.

Finally, Defendants may not refuse to identify the existence of any documents withheld

as confidential, privileged, or subject to any immunities. Any responsive documents or

information withheld on the basis of the attorney-client privilege or work product immunity shall

be identified in an appropriate privilege log. *See* Fed. R. Civ. P. 26(b)(5); LR 26(c).

In addition, the Court will also award Plaintiff his reasonable expenses incurred in

bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Defendants have not provided any arguments in support of a finding

that Plaintiff did not attempt in good faith to obtain the discovery at issue or any circumstances

4

that would make an award of expenses unjust. Furthermore, Defendants did not file any opposition to the instant motion explaining their failure to provide written discovery responses or objections. Accordingly, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A).

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 13) is **GRANTED**. Defendants shall provide complete written responses to the Requests for Production at issue (*See* R. Doc. 13-4), as provided in the body of this Order, within **7 days** of the date of this Order. Defendants may not raise any objections other than those identified in the body of this Order. To the extent Defendants withhold information based on the attorney-client privilege or work product immunity, Defendants must provide a privilege log in accordance with Federal Rule 26(b)(5) and Local Rule 26(c).

**IT IS FURTHER ORDERED** that Defendants shall seek the entry of a protective order governing the exchange of confidential information, as provided in the body of this Order, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs incurred in bringing its Motion to Compel. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Defendants and/or counsel shall pay that amount;

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.

(2) If the parties do <u>not</u> agree to a resolution, Plaintiff may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Defendants shall, within **7 days** of the filing of Plaintiff's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

Signed in Baton Rouge, Louisiana, on August 13, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

6