**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**FRANK ROBINSON** **CIVIL ACTION**

**VERSUS** **NO. 25-1062-SDD-RLB**

**JEFF FOSTER TRUCKING, INC., ET AL.**

**ORDER**

Before the Court is Defendants' Motion for Reconsideration of Granting of Motion to Compel and Award of Attorney Fees. (R. Doc. 17). The motion is opposed. (R. Doc. 19).

Also before the Court is Plaintiff's Motion to Compel Defendants to Comply with this Court's August 13, 2026 Order. (R. Doc. 29). The deadline for filing an opposition has not expired. *See* LR 7(f).

## I. Background

On August 13, 2026, the Court issued an Order granting Plaintiff's Motion to Compel (R. Doc. 13) and awarding reasonable attorney's fees and costs in bringing the Motion to Compel pursuant to Rule 37(a)(5)(A). (R. Doc. 16). The Order details that (1) Defendants **failed** to submit written responses or objections to Plaintiff's discovery requests within 30 days after they were served or within the extension of time agreed upon by the parties, and (3) Defendants **failed** to file an opposition to the Motion to Compel within the 21 days allowed by Local Rule 7(f).

Defendants now seek reconsideration of the August 13 Order because "no notification was issued by the court relative to a briefing deadline or as to when the court would consider Plaintiff's motion." (R. Doc. 17 at 1). In turn, Plaintiff seeks an order compelling compliance with the August 13 Order, as well as a finding of contempt and other related relief. (R. Doc. 29).

## II. Law and Analysis

Defendants do not identify the Rule pursuant to which they are seeking relief.[1] "[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Nevertheless, the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b) [or] 59(e)." *Burkette v. E. Feliciana Par. Sheriff*, No. 18-996, 2022 WL 16758256, at *2 (M.D. La. Nov. 8, 2022) (citations omitted). Where, as here, the motion for reconsideration concerns an interlocutory order, the appropriate standard to apply is found in Rule 54(b). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *see Burkette*, 2022 WL 16758256, at *2 (applying Rule 54(b) standard to motion for reconsideration of ruling granting a motion to quash); *Cook v. Flight Servs. & Sys., Inc.*, No. 16-15759, 2019 WL 2067640, at *1 (E.D. La. May 10, 2019) (Rule 54(b) standard applies to reconsideration of interlocutory discovery order).

In pertinent part, Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Unlike with a motion to alter or amend a judgment brought under Rule 59(e), or a motion for relief from a final judgment, order or proceeding under Rule 60(b), a court considering the Rule 54(b) standard "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citations omitted). While Rule

[1] There is no indication that Defendants seek relief form the district judge pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Accordingly, the instant motion was properly referred to the undersigned.

54(b) affords broad discretion to the court to reconsider and reverse interlocutory orders, this "broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Burkette*, 2022 WL 16758256, at *2 (quoting *Carroll v. SGS Auto. Servs., Inc.*, No. 16-537, 2021 WL 2550278, at *2 (M.D. La. June 22, 2021)).

"Motions for reconsideration are 'extraordinary remed[ies] and should be used sparingly in the interest of finality and conversation of judicial resources.'" *Dixon v. D.R. Horton, Inc. - Gulf Coast*, No. 22-01005, 2023 WL 2486587, at *2 (M.D. La. Feb. 24, 2023) (quoting *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Loc. 198*, 495 F. Supp. 3d 392, 396 (M.D. La. 2020)). "To the point, a motion for reconsideration is generally *not* the vehicle for raising arguments that could have been raised before the entry of the challenged order." *Dixon*, 2023 WL 2486587, at *2 (citing *Adams*, 495 F. Supp. 3d at 396; *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

As all attorneys admitted to practice in this district are aware, any opposition to a motion must be filed within **21 days** of service of the motion or is will be deemed unopposed. *See* LR7(f) ("Each respondent opposing a motion shall file a response, including opposing affidavits, and such supporting documents as are then available, within twenty-one days after service of the motion."); *see also* Fed. R. Civ. P. 83 (authorizing district courts to create their own local rules). To suggest that the Court needs to specifically order an attorney to comply with the local rules is absurd.

Notwithstanding their arguments, defense counsel were aware of Local Rule 7(f) and the consequences of ignoring it. Defense counsel has specifically filed oppositions to motions in this

district (in compliance with Local Rule 7(f)) without first awaiting a briefing schedule. *See Allen v. H&M Trucking, Inc. et al.*, No. 19-616-JWD-RLB, ECF No. 11 (filing opposition to motion to remand exactly 21 days after the motion was filed and served electronically despite the absence of a specific briefing schedule). Furthermore, this is not the first time that Defendants represented by defense counsel failed to provide discovery responses, failed to timely oppose a motion to compel within 21 days, and were then compelled to provide discovery responses and pay reasonable expenses pursuant to Rule 37(a)(5)(A). *See, e.g., Williams v. Spinnaker Ins. Co.*, No. 23-1634-SDD-SDJ, 2024 WL 6985494 (M.D. La. Sept. 10, 2024).

Defendants have not otherwise established excusable neglect for failing to file a timely opposition. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

Moreover, and perhaps most importantly, Defendants do not set forth **<u>any explanation</u>** for failing to timely respond or object to the discovery requests at issue. Accordingly, the result of the Order would have been the same even if Defendants had filed an opposition raising the arguments now raised (for the first time) in their Motion for Reconsideration regarding whether the information sought falls within the scope of discovery. Defendants **<u>waived</u>** those arguments by failing to respond to the underlying discovery requests.

For these reasons, the Court finds no basis for reconsidering the merits of the August 13 Order and will deny Defendants' Motion for Reconsideration.

The Court held a telephone conference with the parties on September 22, 2026, for the purposes of discussing the exchange of confidential information in discovery and to provide the parties additional time to complete discovery. (R. Doc. 27). Given the foregoing, and the

pendency of Defendants' Motion for Reconsideration, the Court will deny Plaintiff's Motion to Compel, without prejudice to refile, and provide Defendants an additional **7 days** to comply with the August 13 Order. Failure to comply within this time frame may result in further sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Reconsideration of Granting of Motion to Compel and Award of Attorney Fees (R. Doc. 17) is **DENIED**. Defendants must comply with the August 13 Order within **7 days** of the date of this Order. To the extent the parties cannot agree on an award of reasonable expenses as detailed in the August 13 Order, Plaintiff may file an appropriate motion within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (R. Doc. 29) is **DENIED**, without prejudice to the filing of a renewed motion seeking relief pursuant to Rule 37(b)(2)(A) to the extent Defendants fail to comply with the August 13 Order.

**IT IS FURTHER ORDERED** that any additional discovery motions filed prior to the October 13, 2026 deadline must include a certificate detailing that the parties met-and-conferred after the September 22, 2026 conference regarding the issues raised in the motion in an attempt to resolve them without further court action.

Signed in Baton Rouge, Louisiana, on September 28, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**